### 28793. PUGH v. THE STATE.

DECIDED JANUARY 20, 1941.

*Venable, Dantone & Fountain,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J. Archie Pugh was convicted of violating the motor-vehicle law, in that he did exceed the speed limit of fifty-five miles per hour in an automobile, and after having an accident with another failed to stop immediately and present his name and address on request to the one with whom he had the accident or to any one else. The defendant's certiorari was overruled and he excepted. The defendant's defense was in the nature of an alibi, that he was not operating the automobile and was not present at the time in question.

Burton Carroll, the arresting officer and witness for the State, testified that he had known the defendant for "three years or longer.

. . On the occasion when we were giving chase to him we got in position where I got a side view of his face. We were twenty or thirty feet from him when he turned off of Techwood on to West Peachtree Place, and I got a good side view of him. He was right in front of my lights and they shone on his face. I am positive Mr. Pugh here is the same man who was driving that car." C. E. Mitchell, another officer who was with Carroll at the time in question, testified to the same thing as Mr. Carroll.

Thus the State's evidence was direct and positive as to the identity of the defendant and that he was present at the time and place of the commission of the offense charged, and even if the defendant's evidence had been positively and definitely to the effect that he was not present and it was impossible for him to have been present at the time and place in question, yet it would nevertheless have been only an issue of fact for the judge sitting without a jury, and he would have been authorized to resolve that issue in favor of the State. However, the defendant's evidence as to alibi as to when he was seen at another place was not definite. There is nothing to show that the State's witnesses and the defendant's witnesses were referring to the same time, that is, whether they were referring to central standard time or central daylight saving time, which would have made a reasonable difference as to the time of the occurrence of the thing in question. If the two witnesses for the State were referring to a time different from that to which the defendant's witnesses were referring, the defendant could easily have been present at the time of the commission of the offense at the place in question and still have been at the place at the time testified to by the defendant's witnesses. Considering the evidence in its most favorable light to upholding the verdict of guilty, the judge sitting without a jury was authorized to find that it was not impossible for the defendant to have been present at the scene of the offense at the time it was committed. The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*